## EXAMPLE OF A NEW CIVIL COMPLAINT FORMAT

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
_____ DIVISION

**00-0839**

Case No. _____

(to be assigned upon filing if this is a new civil complaint)

**CIV-DAVIS**

Joseph McCullough,
April D. McCray and
Charles h. Cutler
_____ )
(Plaintiff(s))          )
                        )
vs.                     )
                        )
_____ )
(Defendant(s))          )
Defense Finance and Accounting )
Service (Denver Center)  )
                        )
Defense Finance and Accounting )
Service Indianapolis, IN. )
                        )
United STATES of America )

**MAGISTRATE JUDGE
BROWN**

00 MAR -3 PM 4:40
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

### COMPLAINT

I, Joseph McCullough, April McCray, Charles L. Cutler plaintiff, in the above-styled cause,

sues defendant(s): Defense Finance and Accounting Service Denver/Indianapolis.

*(Allegation of jurisdiction, i.e., under which federal law or section of the U.S. Constitution this action is being filed - refer to Appendix A for a list)*

This action is filed under: _____

_____

_____

_____

_____

_____

_____

# APPENDIX B

*(Statement of facts)*

In this Action Involving April D McCray and Joseph McCullough And Charles L Cutler. The Defense Finance And Accounting Service - Denver And Indianapolis Centers has demonstrated the on going practice of Negligence In the manipulation of the W-2 Forms of April D. McCray, 1999 Joseph McCullough 1992. This Action Exdelicto can Also be uncovered In the case of Richard C. ST. Clair and Gudrun E. ST. Clair Plantiffs -vs- United States of America Defendant. See Attached (Richmond Division) Civil Action No. 90-00622 this on going Process of malfesance with malice Toward disabled Veterans has Become a Fixture Adopted toward the Disabled Veterans Recieving Disability Severance Pay, This on going process of Economic Exploitation Leads To Anxiety, insomnia, Frustration, Depression, Homelessness and    Suicidal behavior of America's Service Connected Disabled Veterans,

*(Relief request, i.e., State what you want the Court to do or award)*

Wherefore, To disconTinue the practice of Adding the disability Severance pay To the disable Veteran(W-2 Income) Remedy- To seek-out disable Veterans that was victums of this practice and compensate them according. Develop programs. To repair the physical & Physiological, Economical devastion this practice has delivered To the disable Veterans. Also To provde Financial Compensation To April D. McCray, Joseph McCullough and Charles L. Cutter For pain and suffering Damages, Consequential Damages, Exemplory Damages,

Signed this _____ day of _____, 19 ___.

(Double Treble) Damages. Incidental Damages And Compensatory Damages And To Allow The Veterans In This Action

_____
(Signature of filer)
(Address )
(Phone Number)
(Facsimile Number)
(E-mail address)
(Florida Bar Number)

To set up and Operate the programs For the Disabled Veterans that are being Victumized.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond   Division

Civil  Action  No.  90-00622

RICHARD C. ST. CLAIR and
GUDRUN E. ST. CLAIR
        Plantiffs

    v.

UNITED STATES OF AMERICA
        Defendant

## MEMORANDUM

This matter is before the Court on the parties' cross motions for summary judgment pursuant to Fed. R. Civ. P. 56. The issues have been fully briefed and argued, and the matter is ripe for disposition.

Plaintiff, Richard C. St. Clair and Gudrun E. St. Clair, bring this action against defendant, United States of America, seeking recovery of $4,498.00 paid in income taxes for the taxable year ended December 31, 1988. In February of 1989, plaintiffs filed a joint tax return for the 1988 tax year on which they included in their taxable income for that year a $23,514.00 lump sum payment received by Mr. St. Clair upon his discharge from the Air Force. Plaintiffs later sought a refund in the amount of $4,498.00, claiming that the $23,514.00 lump sum payment was not taxable income. After the Internal Revenue Service denied the St. Clair's refund request, plaintiffs instituted action in this Court, jurisdiction of which is based on 28 U.S.C. § 1346(a).

### Background

Richard C. St. Clair was a Staff Sergeant on active duty with the United States Air Force until October of 1988 when a Physical Evaluation Board (the Board) determined that St. Clair had a physical disability that was sufficiently serious enough to warrant separation from active duty. After the Board's determination, St. Clair was discharged with disability severance pay in accordance with 10 U.S.C. §§1203, 1208, and 1212. Under section 1212, St. Clair received a lump sum disability severance payment of $23,514.00 upon his discharge. Subsequently in March of 1989, the Veterans Administration (the VA) verified that St. Clair had suffered a 10% disability while he was on active duty with the Air Force and determined that St. Clair was entitled to VA disability benefits for the same. The VA informed St. Clair that it would withhold $73.00 a month from St. Clair's disability entitlement until the full amount of St. Clair's $23,514.00 disability severance payment had been recouped. The VA took this action pursuant to 10 U.S.C. 1212 (c), which provides that the amount of any disability severance pay received by a former member of the armed forces shall be deducted from any future VA disability benefits to which the serviceman might become entitled.

03/16/00   10:55  FAX 593 6556                    FT. LEWIS VA                                     ☑ 01

SAMPLE LETTER TO THE INTERNAL REVENUE SERVICE

Date: 12/18/00

Internal Revenue Service
Ogden Service Center
PO Box 9941
Ogden, UT 84409

I am given to understand that military medical disability severance pay
can now be considered as being exempt from federal taxation.

I was medically discharged from the _United States Navy_ on _01/06/99_ and
was awarded a disability severance pay in the amount of _23,764.80_.
That disability severance pay was taxed, with twenty percent being withheld
for the IRS.

Military disability severance pay is computed under 10 USC 1212 and is
awarded only where a personal injury or illness necessitates medical discharge
due to an individual having been judged as being medically unfit for continued
active military service.  Disability severance pay is awarded to compensate
the military member for the specific medical condition that generated the
medical discharge and falls within the provisions of 26 USC 104(a)(4) which
excludes from taxable income amounts received for personal injuries resulting
from active service in the armed forces.

I request that my Individual Income Tax Return for the year of my medical
discharge be re-computed and adjusted by reducing my gross taxable income
by an amount equal to that amount received as disability severance pay.

I attach the following listed documents in support of my request:

   *   DD Form 214 showing medical discharge.

   *   Something from the military showing the total amount of
       disability severance pay (may be entered on the DD 214).

   *   IRS Form 1040X.

   *   Individual Federal Tax Return for the year in question.

   *   Case Report : ST CLAIR vs THE UNITED STATES.

   *   IRS ACTION ON DECISION for the St Clair action.

Thank you for your assistance in this mattter.


JOHN Q PUBLIC.
DISABLED VETERAN

TL-R-213-91
CC:EE:8:RBWeinstock

DISTRIBUTED
19 DEC 1991
CC-1992-006

ACTION ON DECISION

Subject: Richard C. & Gudrun E. St. Clair v. United States
Civ. No. 50-00622, (E.D.Va., September 10, 1991)
91-2 USTC ¶ 50,457

Issue:

Whether the District Court correctly held that a lump-sum disability severance payment received by plaintiff-husband from the Air Force, under 10 U.S.C. § 1212, was excludable from gross income under I.R.C. § 104(a)(4) as a pension, annuity, or similar allowance for personal injuries or sickness arising from active service in the armed forces.

Discussion:

In October, 1988, plaintiff-husband was determined to have a physical disability sufficiently serious to warrant separation from active duty and subsequently was discharged with a lump-sum disability severance payment in accordance with 10 U.S.C. §§ 1203, 1208 and 1212. In March, 1989, the Veterans Administration verified that plaintiff had suffered a 10 percent disability and was entitled to VA disability benefits. Pursuant to 10 U.S.C. § 1212(c), the VA told plaintiff that it would withhold $73.00 a month from his VA disability payment until the full amount of the lump-sum disability severance payment had been recouped.

The plaintiffs initially filed a joint income tax return for the 1988 tax year including the amount of the lump-sum disability payment in income. Subsequently, they filed a joint income tax return for the 1988 tax year seeking a refund on the basis that the lump-sum disability severance payment was a non-taxable disability payment. Thereafter, the plaintiffs filed a refund suit in the United States District Court for the Eastern District of Virginia. The District Court held that the amount was excludable under I.R.C. § 104(a)(4).

I.R.C. § 104(a)(4) provides in pertinent part that gross income does not include amounts received as a pension, annuity, or similar allowance for personal injuries or sickness arising from active service in the armed forces of any country. In arguing that the I.R.C. § 104(a)(4) exclusion did not apply, the Government relied on several cases that held that a VA determination of disability did not serve to recharacterize previously made lump-sum payments. Berger v. Commissioner, 76 T.C. 687 (1981); Curtis v. Commissioner, T.C. Memo. 1982-642; Johnson v. Commissioner, T.C. Memo. 1977-367. The Government

Civil Action No. 90-00622 (cont.)

Discussion

The parties agree that the sole legal issue before the Court is whether the
$23,514.00 payment to plaintiff St. Clair is includable in his gross income for the year
1988. The United States Tax Code provides that gross income includes "all income from
whatever source derived." 26 U.S.C. §61(a). Unless Congress has specifically exempted
certain income from inclusion in the computation of gross income, the broad language of
Section 61(a) demands its inclusion. See *Commissioner v. Glenshaw Glass Co.*, §48 U.S.
426, 340 (1955). Consequently, the payment to the St. Clair's must be included in the
calculation of their 1988 income absent a specific exclusionary provision. One such
provision — the one at issue herein — excludes from gross income "amounts received as
a pension, annuity, or similar allowance for personal injuries or sickness resulting from
active service in the armed forces . . ." 26 U.S.C. §104(a)(4).

The United States argues that the disability severance payment to St. Clair does
not fall within the exception provided in 26 U.S.C. §104(a)(4). Apparently finding no
cases directly on the point, the United States analogizes to a line of cases decided
regarding "readjustment" payments made pursuant to 10 U.S.C. §687. This provision,
which was repealed in 1981, provided a lump sum *readjustment* payment to discharged
members of the armed forces to aid their re-entry into civilian life. The Tax Court
generally has considered payments under this repealed provision to be gross income.
See *Berger v. Commissioner*, 76 T.C. 687, 689, (1981); *Felman v. Commissioner*, 49 T.C.
599 (1968).

Several times the Tax Court has considered the situation where former
servicemen received readjustment payments and subsequently received VA disability
awards. When this occurred the recipients were required pursuant to 10 U.S.C.
§637(b)(6)(1986) to allow the VA to withhold disability payments until the government
had recouped 75% of the earlier readjustment payment. Petitioners argued in these
cases that the withholding of the VA disability benefits transformed the readjustment
payment into a disability payment that was excludable from gross income. The Tax
Court disagreed and held that the readjustment payment remained gross income
regardless of the fact that 75% of it was later recouped. See, e.g., *Berger v.
Commissioner*, 76 T.C. 587 (1981); *Custis v. Commissioner*, 45 T.C.M. (CCH) 40 (1982).

In opposition to the government's Motion for Summary Judgment, plaintiffs argue
that cases regarding readjustment pay under 10 U.S.C. §687 are inapplicable to the case
at bar. Plaintiffs point out that petitioners in those cases were not discharged due to
physical disabilities. In *Berger*, 76 T.C. at 688, the petitioner was dismissed due to a
general reduction in the workforce, and in *Custis*, 45 T.C.M. (CCH) at 40, the petitioner
was involuntarily discharged after twice being passed over for a promotion.

In the Court's view, the petition of the United States that the disability severanc
payment is analogous to the readjustment payment is mistaken. Because the petition
in *Berger* and *Custis* were not discharged due to a disability, those cases did not deal
with the issue presented here: whether or not disability severance pay falls within §6
U.S.C. §104 (a)(4)'s exclusion for amounts received for "personal injuries or sickness
resulting from active service in the armed forces." Furthermore, the real issue in *Ber*
and *Custis* was whether VA benefits that are setoff against an earlier award render t
earlier award excludable. Plantiffs herein do not argue that the VA setoff in this cas
renders the earlier award excludable. In contrast, the St. Clair's argue that the lump
sum disability severance pay received by St. Clair upon his discharge from the Air F

05/16/96  10:53  FAX 593 6556        FT. LEWIS VA                    ☒008

- 2 -

distinguished a 4th Circuit case, Strickland v. Commissioner, 540 F.2d 1196 (4th Cir. 1976), on the basis that the case did not involve a lump-sum distribution.  The Government also argued that the reference in I.R.C. § 104(a)(4) to amounts received as a pension, annuity, or similar allowance limited the exclusion to amounts intended by both the payor and recipient to be one of a series of periodic payments.  Therefore, a lump-sum disability severance payment was not excludable from gross income. Plaintiffs argued that Strickland applied and that Berger, Curtis and Johnson were distinguishable because they involved lump-sum readjustment payments, not disability severance payments.  In holding the lump-sum payment excludable, the District Court focused on the fact that the payment was received as "an allowance for personal injuries or sickness resulting from active service in the armed forces."

We do not disagree with the District Court.  The distribution to plaintiff-husband was a disability severance payment, not a readjustment payment as in cases on which the Government relied.  Moreover, the result is consistent with the intent underlying enactment of this specific exclusion for amounts received on account of personal injuries or sickness from active service in the armed forces, regardless of whether the amounts are in the form of a lump-sum payment or a series of periodic payments.  The Service will modify Rev. Rul. 80-9, 1980-1 C.B. 11, to the extent that it is inconsistent with this case.

Recommendation:

    Acquiescence.

Reviewers:

_____
RONALD B. WEINSTOCK
Attorney

Approved:  ABRAHAM N.M. SHASHY, JR.
           Chief Counsel

By:  _____
     HENRY G. SALAMY
     Chief, Branch No. 8
     Office of the Associate
     Chief Counsel
     (Employee Benefits and
     Exempt Organizations)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

**00-0839**
**CIV-DAVIS**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
Joseph McCullough,
April D. McCray, and
Charles L. Cutler

**DEFENDANTS** Defense Finance and Accounting Service
Denver Center. ω

Defense Finance and Accounting Service
Indianapolis, IN.
Employer Identification # 35-9990000

**MAGISTRATE JUDGE**
**BROWN**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

A-dade 00cv 839 Davis  .Brown

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

**(I)** CIRCLE COUNTY WHERE ACTION AROSE:  (DADE,)  MONROE,  BROWARD,  PALM BEACH,  MARTIN,  ST. LUCIE,  INDIAN RIVER,  OKEECHOBEE  HIGHLANDS

| **II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY) | **III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF (For Diversity Cases Only) AND ONE BOX FOR DEFENDANT) |
|---|---|

| | | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|
| ☐1 U.S. Government Plaintiff | ☐3 Federal Question (U.S. Government Not a Party) | Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| ☒2 U.S. Government Defendant | ☐4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| | | Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒1 Original Proceeding  ☐2 Removed from State Court  ☐3 Remanded from Appellate Court  ☐4 Reinstated or Reopened  ☐5 Transferred from another district (specify)  ☐6 Multidistrict Litigation  ☐7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | A LABOR | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | B SOCIAL SECURITY | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 861 HIA (1395ff) | ☐ 720 Labor/Mgmt. Relations | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 862 Black Lung (923) | | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 863 DWC/DWW (405(g)) | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 740 Railway Labor Act | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 865 RSI (405(g)) | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | A☐ 530 General | FEDERAL TAX SUITS | ☐ 790 Other Labor Litigation | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | ☐ 871 IRS — Third Party 26 USC 7609 | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | A☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

LENGTH OF TRIAL
___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ ___    CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):  JUDGE ___    DOCKET NUMBER 90-00622

DATE  03'03.00    SIGNATURE OF ATTORNEY OF RECORD  Charles L. Cutler

**APPENDIX D**

FOR OFFICE USE ONLY

RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___
$150.00  81991S